IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


**FRANCIS NORMAN ETTIENNE,**

    **Petitioner,**

**vs.**                                                                    **Case No. 5:04cv430-SPM/WCS**

**UNITED STATES OF AMERICA,**

    **Respondent.**

_____/


## REPORT AND RECOMMENDATION

This case was recently reassigned to the undersigned. Doc. 31. Petitioner, who is proceeding *pro se* in this habeas petition filed pursuant to 28 U.S.C. § 2241, doc. 1, paid the filing fee, doc. 7, and Respondent was directed to file an Answer. Doc. 9. The Answer was filed on May 12, 2005, doc. 15, after being granted an enlargement of time, docs. 17 and 19, Petitioner filed a Reply to the Answer, doc. 20, on June 10, 2005. Approximately one month later, Petitioner filed another Reply, doc. 21.

In August, Petitioner filed a motion for release from custody, doc. 22, an amended petition for writ of habeas corpus, doc. 23, an amended motion for release from custody, doc. 24, and a motion for a hearing, doc. 25. Shortly thereafter, Petitioner

filed a second amended petition, doc. 28, to replace clerical errors in the first amended petition, doc. 23. The Government has filed a response to the motion for release and amended motion for release, asserting the motions should be denied. Doc. 27.

No response or amended Answer has been filed as to the second amended petition. Nevertheless, Petitioner's basis for relief is the same in both the original § 2241 petition, doc. 1, and the second amended petition: that Petitioner is a "national" of the United States and as such, cannot be removed. Doc. 28. The argument previously submitted by Respondent as to this claim for relief sufficiently addresses the more fully briefed version of Petitioner's claim, doc. 28, and there is no need to delay these proceedings further to wait on an amended Answer. For a number of reasons, this court lacks jurisdiction of this petition.

**Transfer**

On May 11, 2005, the REAL ID Act of 2005 was signed into law. Pub.L. No. 109-13, Div.B, 119 Stat. 231, 302. The Act amended the judicial review provisions of § 242 of the Immigration and Nationality Act, to make a petition for review in the federal courts of appeals the sole means of review of a final immigration "order of removal, deportation, or exclusion." 8 U.S.C. § 1252(a)(5). The amendment provides:

> EXCLUSIVE MEANS OF REVIEW.--Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act.

The Act explicitly deprives this District Court of jurisdiction over Petitioner's claim, which seeks judicial review of an order of removal.[1]

The REAL ID Act also includes a transfer provision providing that "the district court shall transfer . . . to the court of appeals" any case "challenging a final administrative order of removal" that is "pending in a district court on the date of the enactment" of the Act, May 11, 2005.  REAL ID Act of 2005, Pub.L. No. 109-13, § 106(c), 119 Stat. 231 (2005).  This case was pending on May 11, 2005, the date of enactment.  Therefore, this case must be transferred to the Eleventh Circuit.

**Additional reasons for a lack of jurisdiction in this court**

A petition for judicial review must be filed within 30 days of the date of the final order of removal.  See INA § 242(b)(1), 8 U.S.C. § 1252(b)(1).  This time limit is jurisdictional, mandatory, and "not subject to equitable tolling."  Stone v. INS, 514 U.S. 386, 405, 115 S.CT. 1537, 1549, 131 L.Ed.2d 465 (1995); Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001).  The "final order of removal" is the date the order was issued by the Board of Immigration Appeals ("BIA"), and that date is October 21, 2003.  *See* doc. 23, exhibit D.

The petition is untimely in this Court.  The petition was filed in this Court on December 30, 2004.  Doc. 1.  The first page of the petition has a stamp indicating Petitioner gave it to prison authorities for mailing on December 28, 2004.  *Id.*  The

---

[1] Federal courts "are courts of limited jurisdiction, and as such are under a continuing duty to satisfy themselves of their jurisdiction before proceeding to the merits of any case."  Packard v. Provident Nat. Bank, 994 F.2d 1039, 1049 (3d Cir. 1993), *quoted in* Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1275, n.22 (11th Cir. 2000).

petition is filed here more than a year after the date of the final order of removal to be reviewed.

Further, Petitioner tried to raise his claim in the Eleventh Circuit Court of Appeal. He filed his petition for review in the Eleventh Circuit on November 21, 2003, *see* doc. 28, p. 7.  In dismissing the petition for review, the Eleventh Circuit noted the service date of the petition was November 25, 2003, and the petition was filed on December 1, 2003, and that it was still untimely under 8 U.S.C. § 1252(b)(1).  Doc. 23, p. 13, exhibit D; Doc. 15, exhibit U.  In effect, therefore, the Eleventh Circuit rejected Petitioner's contention that he filed the petition in that court on November 21, 2003.

There are other statutory reasons that this Court lacks jurisdiction.  Petitioner does not contest that the basis for his removal is that he committed an "aggravated" felony.  Doc. 15, p. 2.  Pursuant to 8 U.S.C. § 1252(a)(2)(C), "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense . . . ."  Judicial review of such a petition is limited to determining whether the petitioner "is (1) an alien (2) who is removable (3) based on a conviction for an aggravated felony."  Bahar v. Ashcroft, 264 F.3d 1309, 1311 (11th Cir. 2001);, *quoted in* Del Pilar v. U.S. Atty. Gen., 326 F.3d 1154, 1157 (11th Cir. 2003).  Once those three factors are confirmed, the court cannot proceed to review the decision of the BIA.  326 F.3d at 1157.  *See also* Moore v. Ashcroft, 251 F.3d 919, 923 (11th Cir. 2001) ("We have held that under the plain language of INA § 242(a)(2)(C), a court is permitted to review only the threshold issues of whether Petitioner is (1) an alien; (2) who is removable; (3) based on having committed a disqualifying offense.").  This Court, however, does not have jurisdiction to make that

review because a petition making that challenge must be filed in the court of appeals. 8 U.S.C. § 1252(b)(2).

Furthermore, a challenge on the basis that a "petitioner claims to be a national of the United States" is to be determined in the court of appeals. 8 U.S.C. § 1252(b)(5)(A). Such a claim would only be transferred to a district court if there were a genuine dispute of material fact about a petitioner's nationality. 8 U.S.C. § 1252(b)(5)(B), *cited in* Joseph v. Attorney General of U.S., 421 F.3d 224, 229 (3d Cir. 2005).

**The Stay of Deportation**

Petitioner's motion to stay his deportation, doc. 8, was not opposed by Respondent, doc. 11, and was granted. Doc. 13. However, jurisdiction is conferred by statute and cannot be given to this Court by the consent of the parties. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). This Court lacks jurisdiction over the petition and, thus, lacks jurisdiction to stay the order of removal. The stay should be vacated.[2]

**Conclusion**

In light of the foregoing, it is respectfully **RECOMMENDED** that Petitioner Francis Norman Ettienne's § 2241 habeas petition, doc. 28, be **TRANSFERRED** to the Eleventh Circuit Court of Appeals, the order granting the motion to stay deportation, doc. 13, be **VACATED**, and all other pending motions be **DENIED**.

---

[2] While it is not appropriate for this Court to rule upon the merits, since Petitioner does not have a lawyer to represent him, it is noted that the petition would probably fail on the merits. Tovar-Alvarez v. U.S. Atty. Gen., 427 F.3d 1350, 1352 (11th Cir. 2005); Sebastian-Solar v. U.S. Atty. Gen., 409 F.3d 1280 (11th Cir. 2005).

**IN CHAMBERS** at Tallahassee, Florida, on December 9, 2005.

                                                    s/   William C. Sherrill, Jr.
                                                  **WILLIAM C. SHERRILL, JR.**
                                                  **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**